WILLIAM BRYANT AND SEWELL D. BRYANT v. WILLIAM SMITH.

*Statute of frauds—Contract for sale of goods—Part delivery.*

Plaintiffs sued defendant for the breach of an agreement, which was reduced to writing but not signed, under which defendant agreed to sell and deliver, and plaintiffs to receive and pay for, 5 car-loads of wood at a stated price per cord. Defendant further agreed to sell and deliver to plaintiffs as much more of the same kind of wood as they should order at the same price. After delivering eight car-loads further delivery was refused, and plaintiffs are held not entitled to recover.

Error to Jackson. (Peck, J.) Argued June 3, 1891. Decided October 9, 1891.

*Assumpsit.* Defendant brings error. Reversed, and no new trial ordered. The facts are stated in the opinion.

*Corbin & Hemans,* for appellant.

*Montgomery & Lee,* for plaintiffs.

GRANT, J. This suit is brought to recover damages for the breach of an alleged executory contract.

Plaintiffs in their declaration claim that defendant sold them "all the slab-wood which he then had on hand, to wit, 500 cords, or that he would cut thereafter," at the price of 85 cents per cord. The wood was at Eaton Rapids, and was to be delivered at Jackson. After delivering eight car-loads, the defendant refused further delivery.

The contract rested in parol, and was therefore void by the statute of frauds, unless there was part delivery such as to take it out of the statute. If the contract

was for all of the slabs which were at the time in defendant's mill-yard, then there is no doubt but that the delivery was a complete compliance with the statute.

The court below left the question of the contract to the jury, under proper instructions. The principles contained in these instructions are familiar to the profession, and it is unnecessary to repeat them here. Defendant insists that there was no contract for the sale of any specific amount under the plaintiff's own evidence. The jury rendered a verdict against the defendant for $300, the highest amount that could be awarded, as the suit was commenced in justice's court.

Both parties agree that their arrangement, whatever it was, was to be put in writing, and that the plaintiffs were to employ an attorney to draw up the contract. Plaintiffs immediately went to an attorney, and stated to him their agreement. The attorney drew it up, after having read to them a memorandum of the agreement as they had given it to him. Plaintiff Sewell shortly after obtained the contract from the attorney, and took it to Mr. Smith. Sewell testified that Smith said it was all right, and as they had talked. Sewell says it was as he understood their verbal arrangement. Plaintiffs both understood for some time that they were acting under that agreement. This agreement was never executed. Plaintiffs' counsel, in his opening to the jury, based his right of action upon the terms of this unsigned writing. This agreement, omitting the formal parts, is as follows:

"The party of the first part is to sell to the party of the second part five car-loads of good mill wood, to be delivered on the cars at the city of Jackson, Michigan, when ordered, at 85 cents per cord, all freight paid, and as much more of same wood as may be ordered by said second party, at same price (85 cents) per cord, delivered on cars at Jackson, with this understanding: That on all of said wood, after the first five cars, if there should

be any excess of freight over and above 3½ cents per hundred, then each of said parties is to pay one-half of such excess freight. And it is further understood and agreed that said first party is not to sell any of said mill wood to any other party or parties in said city of Jackson as long as he is selling said wood to said second party.

"Said second party on their part do hereby promise and agree to take five car-loads of said mill wood delivered on cars, in city of Jackson, at price above stated, and to pay for the same in manner following: The first two car-loads to be paid for in 30 days from date of delivery, to wit, at Jackson, on cars, at 85 cents per cord, all freight paid; the next three car-loads on the same terms, to be paid on delivery. Then on all said wood ordered and sent to be delivered to said second party, after the first five car-loads, is to be delivered at Jackson, on cars, at same price, except that one-half of any excess freight, over and above 3½ cents per hundred, is to be added, and which they hereby agree to pay."

Under the evidence we think there was no question for the jury as to the terms of the contract between these parties, but that the court should have instructed the jury that this paper contained its terms. That the plaintiffs are not entitled to recover under this agreement is too plain to require discussion. The circuit court should have directed a verdict for the defendant.

Judgment reversed, and no new trial ordered.

The other Justices concurred.